No. 556

LENTZ v. LENTZ

No. 19804. Supreme Court

On motion to certify. Supreme Court.

413. DIVORCE AND ALIMONY—May a court after term modify a decree for alimony upon motion of one of the parties and approve an entry modifying the former decree nunc pro tunc, and if so is notice served on the opposing party's former cousel sufficient?

John J. Lentz brought this action originally in the Franklin Common Pleas against Alta F. Lentz for divorce. In May 1921 the divorce was granted and an entry was approved and filed allowing to Alta Lentz certain alimony. On May 15, 1925, John Lentz filed a motion in the same case by which he sought a modification, of the decree for alimony. Notice of the hearing of such motion was given to Alta Lentz' Attorney. An opinion was rendered by the Judge in which the motion was overruled. The same Judge shortly after approved an entry sustaining the motion and modifying the decree nunc pro tunc.

This decree was affirmed by the Appeals.

Alta Lentz in the Supreme Court contends:

1. That the court was without jurisdiction of her because of improper service and notice.

2. That the court had no authority to modify the decree by a nunc pro tunc order.

3. That the judgment having been fully paid he was deprived of property without due process of law.

Attorneys—C. M. Addison, Columbus, for Alta Lentz; H. A. Williams and B. Gearhart, Columbus, for John Lentz.

---

No. 557

PASKELL et v. YANNELLI

No. 19768. Supreme Court

On motion to certify. Dock. April 12, 1926.

765. MINES AND MINING—Where coal is granted with the right to mine and remove the same with "so much of the surface as may be necessary in mining and removing of said coal - - - - and no more," may the grantee put an opening in the front yard of the holder of the fee when it is not absolutely necessary but merely convenient?

Charles Yannelli was granted the following property in certain land in which John Paskell and Mary Paskell later was granted the fee:

"All the coal therein and thereunder of every variety, with the right to mine and remove the same in perpetuity, together with so much of the surface as may be necessary in mining and removing of said coal, - - - - and no more.

There is no physical reason why all of this coal could not have been mined from one opening. The owners of the coal made four openings on this small tract of land, to this coal, and now propose to make the fifth opening in Paskell's front yard. To this fifth opening, Paskell objected and Yannelli obtained an injunction restraining all interference while he dug such opening.

The Perry County Common Pleas refused to grant the injunction but the Appeals granted a permanent injunction as prayed for.

Paskell, in the Supreme Court, contends:

1. That since the evidence shows that all of the coal can be taken from openings now on the premises it is a question of law whether Yannelli having elected to take the coal from openings on the north and northeast side, can exercise the right of further openings, without showing some necessity therefor.

2. That under 39 OS. 70 the following rules applies: "Where the terms of a grant are general and indefinite, its location and use by the grantee acquiesced in by the grantor, will have the same legal effect as if it had been fully described by the terms of the grant."

Attorneys—Meyer & Crossan, Zanesville, and J. E. Powell for Paskell; J. L. Meenan for Yannelli; all of New Lexington.